# JOHN Z. LITTLE *et al.*

## *v.*

# JOHN W. DYER.

*Filed at Ottawa June 15, 1891.*

1. JUDGMENT BY CONFESSION — *amount due determined dehors the written obligation—judgment coram non judice.* A lease for three years provided for the payment of $36,000 rent, payable in sums of $300 at stated times, and that all water rates, gas bills, and cost of keeping the premises in a clean and healthy condition, should be additional rent, and contained a warrant of attorney to waive process and service thereof, and to confess judgment from time to time for any rent which might be then due by the terms of the lease, with costs, etc. Under this power the attorney, in term time, confessed a judgment against the lessees for $6772 : *Held,* that the warrant of attorney attempted to authorize a proceeding unknown to the common law, and not contemplated by the statute, and that the judgment of the court based on such warrant of attorney was *coram non judice,* and void.

2. Where a lease provides for the payment of the rent in sums of $300, maturing from time to time, and that all amounts paid by the lessor for water rates, gas bills, and for keeping the premises in a clean and healthy condition, shall be so much additional rent, and due and payable as such, etc., a judicial investigation and hearing of evidence other than that afforded by the lease itself is necessary to determine the rent due by the terms of the lease. In such case there can be no confession of judgment for rent due, under a power in the lease to confess judgment from time to time for any rent that may then be due under the lease.

3. A power of attorney for the confession of a judgment for the sum due is not authorized by the statute nor at common law in a case where the amount of the judgment is not fixed in the power, and depends upon the hearing of evidence *dehors* the obligation on which it is based and to which the power is attached.

4. A power to confess a judgment against the donor of the power for an uncertain, unliquidated and unlimited amount of money paid out for water rates, gas bills, and for cleaning demised premises and keeping them in a healthy condition, and for parts of rent due, can not lawfully be either given or exercised.

5. A confession of judgment ought to be for a certain and specified sum, and there is no power to enter a judgment on a *cognovit* for an uncertain and unliquidated amount.

6. SAME—*at common law—power restricted.* At common law a confession of judgment without process, or any action pending, was by means of a warrant of attorney, and unless the amount was mentioned in the warrant itself, was restricted to notes, bills, bonds or other instruments or evidences of indebtedness wherein the amount for which the judgment was to be confessed was so specified that it could readily be determined by means of computation, and did not require judicial inquiry for its ascertainment.

7. SAME—*word "debt" construed.* The word "debt," in section 66 of the Practice act, which authorizes the confession of judgment therefor, is used as indicative of a sum certain that is owing from one person to another.

8. SAME—*"without process."* The confession of judgment contemplated by said section is a confession of judgment in a proceeding instituted "without process," and therefore has no application to a *cognovit actionem,* or confession of judgment by the defendant in an action after suit brought, and which was resorted to at common law in many different forms of action.

9. SAME—*in term time or vacation.* The statute authorizing the confession of judgments includes judgments entered either in term time or in vacation. The authority to enter such judgment is just as broadly given to the clerk acting in vacation as it is to the court acting in term time.

10. SAME—*in vacation—power of clerk.* On a confession of judgment in vacation, the clerk merely has authority to examine the papers presented to and filed with him for the purpose of ascertaining that the formal requirements of the law have been complied with, and that only, and has no power whatever to investigate further or adjudicate the amount due. The clerk can not be invested with judicial powers.

11. SAME—*public policy.* This court, on grounds of public policy, is not disposed to extend the power of confessing judgments under warrants of attorney beyond the provisions of the statute and the decisions in adjudicated cases.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

On July 14, 1887, an indenture was executed between John W. Dyer, defendant in error, as party of the first part, and John Z. Little and Elizabeth C. Little, plaintiffs in error, and one Charles O. White, as parties of the second part, whereby

18—138 ILL.

the party of the first part demised and leased to the parties of the second part the Standard Theatre in Chicago, and the scenery, stage properties, ropes, curtains, draperies, tools, engine, electric lighting dynamo and other apparatus connected therewith, for a term commencing September 1, 1887, and ending June 30, 1890. The parties of the second part covenanted to pay as rent for the demised premises the sum of $36,000, to be paid in installments of $300 each, at the dates specified in the lease, and also to pay, in addition thereto, all water rents, gas bills, cost of electric light, license fees and personal property taxes. The lease also provided that in case the water rates and gas bills were not paid as soon as due, then the party of the first part should have the right to pay the same, "which amounts so paid, together with any amounts paid by the first party by reason of notice from the proper authorities to keep said demised premises and appurtenances in a clean and healthy condition, * * * are hereby declared to be so much additional rent, and shall be due and payable with the next installment of rent due thereafter under this lease." The lease also provided for the payment of $100 per day as liquidated damages for any failure to yield up immediate possession at the termination of the lease, by lapse of time or otherwise. The lease provided that in the event of an abandonment of the premises by the parties of the second part the party of the first part might re-let the same, and hold the former for any deficiencies in rents. Said indenture of lease also contained this provision: "The party of the second part hereby irrevocably constitutes C. H. Remy, or any attorney of any court of record of this State, attorney for him, her and them, in his, her or their name, on default of any of the covenants herein, to enter his, her or their appearance in any court of record, waive process and service thereof against any one or more or all of said parties of the second part, in favor of said party of the first part, for forcible detainer of said premises, with costs of said suit, or to confess judgment

from time to time for any rent which may be then due by the terms of this lease, with costs, and to waive all errors and all rights of appeal from any such judgment or judgments."

On May 17, 1889, Dyer filed in the Superior Court of Cook county his declaration in assumpsit, containing a special count and the common counts, against John Z. Little and Elizabeth C. Little. The special count was based on the indenture of lease, and contained these averments: "That said defendants did not pay said sums as agreed, but failed so to do, and plaintiff avers that there is now *bona fide* due and owing said plaintiff, from said defendants, under said writing or lease, the sum of $6772.53." Dyer also filed the lease with the declaration, and an affidavit showing the execution of the "lease and power of attorney," and also his affidavit stating "that there is now *bona fide* due and owing affiant from said defendants, John Z. Little and Elizabeth C. Little, under the terms and conditions of said lease, over and above all set-offs, deductions and counter-claims, the sum of $6772.53." Thereupon, C. H. Remy, as attorney for plaintiffs in error, filed a *cognovit*, and therein entered their appearance, and waived service of process, and confessed a judgment in favor of defendant in error for $6772.53 damages, and stipulated that no appeal or writ of error should be prosecuted, and waived all errors, and consented to the issuance of immediate execution. The court forthwith, and without hearing any further evidence, rendered judgment in favor of defendant in error, and against plaintiffs in error, for $6772.53 damages, and for costs.

On May 23, 1889, and at the same term of the court, plaintiffs in error, after having given due notice, entered a motion to set aside and vacate the judgment, and also a motion to open up the judgment and permit them to defend the suit, and with said motions presented various affidavits; but both of said motions were overruled, and exceptions taken. The record was then taken to the Appellate Court by writ of error, and various assignments of error there made, among them,

that the judgment by confession was not authorized by the warrant of attorney, that the Superior Court in rendering the judgment did not have jurisdiction of the persons of the defendants, and that the court erred in denying the motion to set aside and vacate the judgment by confession. The judgment, however, was affirmed, and another writ of error brings the record here.

Mr. J. W. MERRIAM, for the plaintiffs in error:

The authority to confess a judgment without process or appearance must be clear and explicit, and must be strictly followed. *Roundy* v. *Hunt*, 24 Ill. 598; *Chase* v. *Dana*, 44 id. 262; *Tucker* v. *Gill*, 61 id. 238; *Frye* v. *Jones*, 78 id. 627; *Vincent* v. *Herbert*, 2 Hous. 525; *Cushman* v. *Mill*, 19 Ohio St. 536.

The entry of judgment without process to or the appearance of the defendant is the exercise of an unusual and extraordinary power, and will be subjected to the strictest scrutiny. It is an exercise of power dangerous to the citizen, liable to abuse, and can only be sustained when clearly within the power granted in the warrant of attorney, without aiding any omission or defect in its terms by liberal intendment or construction. *Spence* v. *Emersone*, 21 N. E. R. 866; *Campbell* v. *Goddard*, 117 Ill. 251; *Haywood* v. *Collins*, 60 id. 336.

Nor will the execution of an authority clearly given by the warrant of attorney be sustained, unless consistent with common law practice, or expressly authorized by statute. *French* v. *Willer*, 126 Ill. 611; *Burns* v. *Nash*, 23 Ill. App. 552; *Harwood* v. *Hildreth*, 24 N. J. 51.

Any departure from the authority conferred by the warrant of attorney, by the attorney filing the *cognovit*, is jurisdictional, and is not cured by any waiver or release of errors, first, because the parties can not confer jurisdiction on the court, and second, because the attorney has no authority to enter the appearance of the defendant except for the identical purpose

stated in the warrant. *Chase* v. *Dana*, 44 Ill. 262; *Tucker* v. *Gill*, 61 id. 236; *Frye* v. *Jones*, 78 id. 627; *Stein* v. *Good*, 115 id. 93; *Cushman* v. *Welsh*, 19 Ohio St. 536; *Hunt* v. *Chamberlin*, 8 N. J. 336; *Campbell* v. *Goddard*, 117 Ill. 251; *Cowie* v. *Alloway*, 8 T. R. 257; *Henshall* v. *Matthews*, 1 Dowl. 217; *Foster* v. *Claggett*, 6 id. 524.

The entry of a judgment under a warrant of attorney to confess a judgment is a common law procedure, although regulated by statute. *Bush* v. *Hanson*, 70 Ill. 480.

Messrs. FLOWER, SMITH & MUSGRAVE, for the defendant in error:

It is contended by plaintiffs in error that there is a difference in this respect,—where judgment is entered on a note, and where on a lease; but it is evident there is no difference. A note gives no indication, necessarily, of the amount *bona fide* due upon it. Payments may have been made, not indorsed. But it is every-day practice for courts to enter judgment upon notes on the confession of defendant's attorney as to the amount due, without further proof.

There is no more presumption that the face of a note remains unpaid than that the stipulated rent in a lease remains unpaid.

This judgment was entered in open court. Every presumption is in its favor. *Bush* v. *Hanson*, 70 Ill. 483.

Likewise, every presumption is indulged that an attorney who acts is duly authorized. *Roundy* v. *Hunt*, 24 Ill. 598; *Williams* v. *Butler*, 35 id. 544; *Harris* v. *Galbraith*, 43 id. 309.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Section 66 of the Practice act provides that "any person, for a debt *bona fide* due, may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process." The word "debt," in this statute, is used as indicative of a sum certain that is owing from one person to

another. This is manifest from several considerations. In the first place, the confession of judgment contemplated by said section is a confession of judgment in a proceeding instituted "without process," and therefore has no reference whatever to a *cognovit actionem*, or confession of judgment signed by the defendant in the action after suit brought, and which was resorted to, at common law, in many different kinds of actions; and at common law, a confession of judgment without process, or any action pending, was by means of a warrant of attorney, and, unless the amount was mentioned in the warrant itself, was restricted to notes, bills, bonds or other instruments or evidences of indebtedness wherein the amount for which the judgment was to be confessed was so specified that it could readily be determined by mere inspection or computation, and did not require judicial inquiry for its ascertainment. In the next place, the judgments provided for in the section are such as can be entered indifferently, "either in term time or vacation," and the authority to enter the judgments by confession is just as broadly given to the clerk acting in vacation as it is to the court acting in term time, and it needs no argument to show that the clerk is not invested with, and can not, under the constitution, be lawfully invested with, power to ascertain, from evidence *dehors* the instruments filed, the amounts for which judgments are to be entered. The clerk merely has authority to examine the papers presented to and filed with him, for the purpose of ascertaining that the *formal* requirements of the law have been complied with, and that only, and has no power whatever to investigate further, or adjudicate the amount due.

In the case at bar, the authority specified in the warrant of attorney contained in the lease is "to waive process and service thereof," and "to confess judgment from time to time for *any rent which may be then due by the terms of this lease*, with costs, and to waive all errors and all right of appeal from any such judgment or judgments." It is to be noted, that the

power delegated is not to confess judgment for the $36,000 rent covenanted in the indenture to be paid, or judgment for any specified installment of $300, or even judgment for any installment of $300, or installments of $300 each, or part or parts of such installment or installments of $300 that may be due and unpaid, but "to confess judgment from time to time for any rent which may be then due by the terms of this lease." And it is also to be noted, that by the terms of the lease it is expressly stipulated that all amounts paid by the lessor for water rates and gas bills, and for keeping the demised premises and appurtenances in a clean and healthy condition, shall be "so much additional rent," and due and payable as such.

It is manifest that in this case, and in view of the fact that amounts paid out by the lessor for water rates and gas bills, and for keeping the premises in a clean and healthy condition, are expressly made "so much additional rent," and "rent due by the terms of the lease," there must, necessarily, be a judicial investigation, and hearing of evidence other than that afforded by the lease itself, in order to determine the amount of "rent due by the terms" of the indenture. This must be so, unless it can be said that the lease and warrant of attorney in the case give authority to the lessor or his attorney to adjudicate and fix the amount due, or give such authority to "C. H. Remy, or any attorney of any court of record in this State." It would be absurd to contend that such unrestricted power was given to the creditor or *his* attorney, and a rule such as that would be in the highest degree productive of fraud and subversive of justice, and would be tantamount to making one of the parties in interest not only both plaintiff and defendant, but court also,—and that, too, in his own cause. And that such authority was vested in "Remy, or any attorney of any court of record in this State," would stand, in its practical results, upon substantially the same footing, since the lessor

and creditor would have the option of selecting the attorney to represent the lessee and debtor.

The authority that was here exercised by the attorney acting under the power claimed to be donated by the warrant of attorney, was a power to confess a judgment against the donor of the power for an uncertain, unliquidated and unlimited amount of money paid out for water rates and gas bills, and for cleaning the demised premises and appurtenances and keeping them in a clean and healthy condition, to say nothing of any element of uncertainty that might arise in respect to what portion of the stipulated $36,000 was unpaid. A power so unrestricted can not lawfully be either given or exercised. Though a demand be ever so just, a party ought not to be permitted to coerce payment without the sanction of judicial authority. To hold the power valid, and that the attorney might waive all errors and all right of appeal, would be to open the business transactions of men to infinite abuse. On grounds of sound public policy we are not disposed to extend the power of confessing judgments under and by virtue of warrants of attorney beyond the provisions of the statute and the decisions in the adjudicated cases.

It is claimed by counsel for defendant in error that there is no more presumption that the face of a promissory note remains unpaid than that the stipulated rent in a lease remains unpaid. It is claimed by counsel for plaintiffs in error that after a most diligent search they have been unable to find any reported case where judgment has been entered for rent on a lease by confession under a warrant of attorney. Be these several contentions as they may, they are not of controlling importance here. The rent covered by the power contained in this lease includes not only the $36,000 and the installments of $300 each mentioned in the indenture, but also the unliquidated sums that may be paid by the lessor for water rates, for gas bills and for keeping clean and in a healthy con-

dition the demised premises and appurtenances, and therefore the question whether a power to confess judgment for installments of a certain and fixed rent, and for such installments only, is a valid power, does not arise in the case, and for that reason we refrain from the expression of an opinion in regard thereto.

A case that is here much in point, is that of *Nichols* v. *Hewit*, 4 Johns. 423. There a judgment was entered on the confession of a party for such sum as A and B should award, before the award was declared, and it was held that the judgment was bad, and reversible on error. The court there said that a confession of judgment ought to be for a certain and specified sum, and that there was no power to enter judgment' on a *cognovit* for an uncertain and unliquidated amount. If a party can not, by his own *cognovit actionem,* and after suit brought, confess judgment for an uncertain sum, it would seem that he can not, where there is no action pending, by a warrant of attorney authorize another to confess judgment for an uncertain and unliquidated sum.

Our conclusion is, that the warrant of attorney contained in the lease here in question attempted to authorize a proceeding which was unknown to the common law and not contemplated by the statute, and that the judgment of the court based on said warrant of attorney was *coram non judice,* and void.

The view we have taken of the case obviates the necessity of considering numerous other objections to the judgment that are suggested in the briefs and arguments of counsel.

The judgments of the Appellate Court and of the Superior Court are reversed. The cause is remanded to the latter court, with directions to allow plaintiffs in error to plead to the declaration.

*Judgment reversed.*

WILKIN and BAILEY, JJ., dissenting.