PETER FORTUNE

*v.*

FRANK BARTOLOMEI.

*Filed at Ottawa November 9, 1896.*

1. POWER OF ATTORNEY—*when power to confess judgment is not invalid as being for an indefinite sum.* A power of attorney in a lease authorizing the confession of judgment "from time to time for any rent which may then be due by the terms of the lease," is not invalid as being for an indefinite sum, where the monthly rental is fixed by the lease and the amount due for the unpaid period is ascertainable by inspection thereof.

2. SAME—*power to confess judgment for an indefinite sum is invalid.* A power in a lease authorizing confession of judgment for unpaid water rent, gas bills and bills for keeping the building in a sanitary

condition, as additional rent, is invalid, as authorizing the confession of judgment for an uncertain and indefinite sum.

3. JUDGMENTS AND DECREES —*judgment may be confessed for accumulated rent.* A power of attorney authorizing the confession of judgment "from time to time for any rent which may then be due by the terms of the lease," need not be exercised for each month's rent, separately, as the law favors consolidation of causes of action.

4. SAME—*effect where power to confess judgment is void in part.* A judgment by confession for an ascertained amount will not be set aside though the power of attorney provides also for the confession of judgment for an unliquidated amount, where the provisions are severable, and judgment for only the ascertained amount is confessed. (*Little* v. *Dyer*, 138 Ill. 272, distinguished.)

*Fortune* v. *Bartholomei*, 62 Ill. App. 290, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

BURTON & REICHMANN, for appellant.

FREDERICK S. MOFFETT, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the Superior Court of Cook county entered on the 11th day of May, 1895, overruling a motion of appellant to set aside and vacate a judgment entered in said court on February 21, 1895, by confession, for rent due on a lease containing a warrant of attorney authorizing judgment by confession. The lease, a copy of which was attached to and filed as a part of the declaration, contained the following:

"*First*—To pay as rent for said premises the sum of $3533.33, payable in thirty-six installments of $100 each, in advance, upon the first day of each month of said term. * * *

"*Fifth*—To pay (in addition to the rents above specified) all water rents and gas bills levied and charged upon said demised premises for and during the time this lease

is granted, and in case no water rents are levied specifically upon said premises, to pay all of the water rents levied or charged upon the building in which said demised premises are situate; and in case said water rates and gas bills shall not be paid as soon as the same are due, that the said party of the first part shall have the right to pay the same, which amounts so paid, together with any amounts paid by first party for cleaning catch-basins, or by reason of notice from the proper authorities to keep the said demised premises in a clean and healthy condition, as hereinbefore specified, are hereby declared to be so much additional rent, and shall be due and payable with the next installment of rent due thereafter under this lease."

The warrant of attorney to confess judgment, so far as the same has any bearing on the decision of the case, was as follows: "The party of the second part hereby irrevocably constitutes F. L. Salisbury, or any attorney of any court of record in this State, attorney for them, in their name, on default of any of the covenants herein, to enter their appearance in any court of record, waive process and service thereof, and confess judgment against the party of the second part in favor of said party of the first part for forcible detainer of the premises, with costs of said suit, or to confess judgment from time to time for any rent which may then be due by the terms of this lease, with costs, and to waive all errors and right of appeal from any such judgment and judgments."

Under the power contained in the warrant of attorney a declaration was filed by the lessor containing one count, wherein it was, in substance, averred, for that whereas, etc., on the 19th of May, 1892, plaintiff leased the premises to defendants; term from May 20, 1892, to April 30, 1895; total rent $3533.33, payable in thirty-six installments of $100 each on the first day of every month, in advance; that by virtue of said demise defendants entered into possession on the 20th day of May, 1892, and were

possessed thereof from the 20th day of May, 1892, until the 20th day of January, 1895, when a large sum of money, to-wit, the sum of $3200, was due for thirty-two months' rent, according to the terms of said lease, and that the same is still in arrears and unpaid to the said plaintiff, whereby an action has accrued to the said plaintiff to have and demand of and from the said defendants $3200, part of the said sum above demanded; and said defendants are still in possession of said premises, yet the said defendants, etc. *Ad damnum* $6000. Under this declaration, in pursuance of the power, a judgment was confessed in open court in favor of the lessor, against the lessees, for $3200. This amount was composed solely of monthly installments of rent,—thirty-two monthly installments of rent provided for by the terms of the lease. No other matter or thing entered into the judgment.

It will be observed that by the terms of this lease the lessees took the premises from the 20th day of May, 1892, to the 30th day of April, 1895, and therein covenanted to pay as rent for the premises for the term the sum of $3533.33, payable in installments of $100 each, monthly, in advance, on the first day of each month of the term. Under this provision of the lease, so far as the rent agreed upon was concerned, the amount and the manner of its payment were definitely fixed and settled, and as nothing entered into the judgment but the rent, the only question presented by this record is whether a valid judgment can be entered by confession on a lease for rent where the power has been given and strictly followed.

Section 66 of the Practice act provides: "Any person, for a debt *bona fide* due, may confess judgment, by himself or attorney duly authorized, either in term time or vacation, without process." (Hurd's Stat. 1019.) By the terms of the lease, at the time the judgment was entered there was a debt of $3200 *bona fide* due, and the power of attorney duly executed authorized the attorney to confess judgment, and unless the language of the statute is to be

ignored and disregarded no reason is perceived why the judgment might not be confessed for the amount then due on the lease. It is true, the power of attorney does not say that the attorney may confess judgment for $3200 or any other definite amount, but it does say the attorney "may confess judgment from time to time for any rent which may then be due by the terms of the lease." Under this language, if $3200 was due when the attorney appeared in court, (and it is not disputed that such amount was due,) he was empowered to confess judgment for that amount. Suppose when the first monthly installment of rent ($100) had become due the attorney had appeared in court and filed the proper papers and offered to confess judgment for that amount; could it seriously be contended that he was not authorized to confess a judgment for that sum? And if he could do that, why not, if twelve months' rent was due, add the sums together and confess judgment for that amount? Or if, as was the case, thirty-two months' rent was due, add the monthly installments together and confess a judgment for the whole amount then due by the terms of the lease?

The law favors consolidation of actions or causes of action, in order to avoid, when it can be done, a multiplicity of suits. This is so whether the action is predicated upon installments on a lease, on a note or on several notes. There is no more trouble or difficulty in entering a judgment by confession on the lease for the several monthly installments due, than there would be to enter a judgment on a promissory note where there had been a payment endorsed on the note or where it might be necessary to compute interest on a note. If a power of attorney is executed authorizing the confession of judgment on a certain promissory note, describing it, for the amount due thereon, and there are credits upon the note, upon application to confess judgment the court will be authorized to deduct the payments and enter a judgment for the balance due. The same rule would apply to a

lease. When application is made for judgment the lease will be examined, the credits deducted and a judgment entered for the remaining balance, whatever it may be.

As has been seen, the lease, in addition to providing for the payment of a stipulated rent each month, contained a provision that all water rents and gas bills levied and charged upon the demised premises were to be paid by the lessees, and that in case the same should not be paid when due the lessor should have the right to pay the same, and that all amounts so paid, together with any amounts paid by the lessor for cleaning catch-basins and keeping said premises in a clean and healthy condition, "are hereby declared to be so much additional rent, and shall be due and payable with the next installment of rent due under this lease." As the amount accruing as rent under this provision of the lease was an uncertain and unliquidated amount of money, the power of attorneys to confess judgment for that part of the rent was void and no judgment could be entered for rent under it. Some of the covenants in a lease may be valid and others void. So with bonds and documents of all kinds,—some parts may be good while others are invalid. But so long as the different parts of a lease or other writing are severable, those provisions which may be void can be rejected as surplusage and those provisions which are valid may be sustained and enforced. Conceding, therefore, that the provision in the lease relating to water rents, gas bills and cleaning catch-basins and keeping the premises in a healthy condition is void, in so far as an attempt might be made to confess a judgment under the power of attorney involved for any rent arising under that provision of the lease, that would have no bearing whatever on the other provision of the lease under which the lessees agreed to pay $3533.33, in installments of $100 each month. This provision was separate and distinct from the other, and no reason is perceived why this could not be enforced and the other rejected. That

course was pursued here in obtaining judgment by confession. Nothing was claimed under the objectionable feature of the lease, but judgment was confessed for the definite and fixed amount of rent mentioned in the lease.

Appellant, however, relies mainly on *Little* v. *Dyer*, 138 Ill. 272. In that case the lease contained the same provision that is found in the lease in the case under consideration, but there, as we understand the record, judgment was confessed not only for the rent specified in the lease, payable in monthly installments, but also for water rents, gas bills and for keeping the demised premises in a clean and healthy condition, and the court held, that as the judgment included rent for these items as well as the amount specified in the lease, it could not be sustained; but whether the judgment could have been sustained had it been confessed for the monthly installments of rent, leaving out these items, did not arise and was not decided. This is apparent from the following statement found in the opinion of the court in deciding the case (p. 280): "The rent covered by the power contained in this lease includes not only the $36,000 and the installments of $300 each, mentioned in the indenture, but also the unliquidated sums that may be paid by the lessor for water rates, for gas bills and for keeping clean and in a healthy condition the demised premises and appurtenances, and therefore the question whether a power to confess judgment for installments of a certain and fixed rent, and for such installments only, is a valid power, does not arise in the case, and for that reason we refrain from the expression of an opinion in regard thereto." We adhere to the rule laid down in *Little* v. *Dyer*, *supra*, but as that case presented a different question from this it cannot control here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*