### John P. Agnew v. Patrick J. Sexton.

1. CONFESSION—*Of Judgment for Rent.*—A power of attorney contained in a lease to confess judgment for rent due and interest, is valid.

**Motion to Vacate Judgment by Confession.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 2, 1900.

SWENIE & MONAHAN, attorneys for appellant.

JOHN M. DUFFY, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In this case judgment was entered in the Circuit Court by confession in favor of appellee and against appellant for $736.36. The judgment is for rent and interest thereon. The power of attorney to confess judgment is contained in the lease.

The lease was for the term of one year, which expired April 30, 1895. The total amount of rent under said lease is $720. Judgment was entered for $786.36. In that amount was included $50 for attorney's fees. Upon a motion by appellant to set said judgment aside said sum of

Agnew v. Sexton.

$50 was remitted, and said judgment remained for said sum of $736.36.

In an affidavit made by appellant and filed in said cause in support of motion to vacate said judgment, he swears that he had paid $82 for rent under said lease and that he refused to' pay any more money on account thereof. It appears that in the entry of said judgment said payment of $82 was credited on account of rent due under said lease, and that said judgment is for $638 rent and $98.36 interest thereon.

Appellant entered his motion in said cause to set aside said judgment and for leave to plead. In his said affidavit filed in support of said motion, he gives several small items amounting together to a little over $100, which he states are due to him from appellee, and also a claim for $750 stated to be due from appellee to a firm of which appellant is a member and which claim had been assigned by said firm to appellant. That claim could not be allowed as a set-off against the claim of appellee for rent under said lease.

Appellant does not ask to have said small items allowed to him, but moved that the entire judgment be set aside. That motion was overruled, and we think correctly so.

Perceiving no error, the judgment of the Circuit Court is affirmed.

A petition for a rehearing has been filed in this cause by the appellant. The reason urged in said petition is, that in the above opinion this court did not refer to the case of Little v. Dyer, 138 Ill. 272, and contending that under the rule laid down in that case the power of attorney in the case at bar "is absolutely null and void." By reference to the case of Fortune v. Bartolomei, 164 Ill. 51, affirming the same case reported in 62 Ill. App. 290, it will be seen why it was not necessary to refer to the Little case. In the case at bar after the remittitur was entered the judgment was only for rent and interest thereon. As to that the power of attorney was valid. No valid reason for any change in the order by this court affirming the judgment of the Circuit Court is apparent.