### B. F. Bowman v. Henry C. Powell.

#### Gen. No. 12,491.

1. Lease—*when party estopped to deny validity of.* A party who has signed a lease which runs for a longer period than a year is estopped to urge that it is within the Statute of Frauds by reason of its having been signed by an agent of the other party whose authority in writing has not been shown.

2. Lease—*effect of assignment of, by lessee.* The assignment of a lease by the lessee does not operate to discharge him from any of its covenants.

3. Confess Judgment—*when power to, contained in lease, validly exercised.* Such a power which provides for the confession of amounts due for gas bills, as well as for rent due and unpaid, is validly exercised where the basis of the exercise was only the installments of rent due and unpaid, which were liquidated amounts.

4. Judgment by Confession—*presumptions which aid.* All presumptions are in favor of the regularity of a judgment entered by confession in term time by a court of general jurisdiction.

5. Judgment by Confession—*what specific presumption indulged in support of.* Where a judgment was entered in term time by a court of general jurisdiction, the presumption is that the attorney who confessed the same was an attorney of record, authorized to practice in the courts of this state.

6. JUDGMENT BY CONFESSION—*what essential to set aside.* In order to entitle a party to have a judgment entered by confession set aside, it must appear by affidavit that there is a meritorious defense to the whole or to a part of the judgment in question.

Judgment by confession. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 21, 1906.

**Statement by the Court.** A judgment by confession in favor of Powell and against Bowman was entered in the Superior Court upon a warrant of attorney contained in a lease. The lease ran for thirteen months from September 1, 1904, at a rent of $28 per month, payable monthly in advance. It stated that Bowman would pay all reasonable costs, attorney's fees, which were fixed at $20, and expenses that should be incurred in enforcing the covenants of the lease. The warrant of attorney contained therein was in the usual form. The lease was signed and sealed by "Henry C. Powell per J. F. Hecht, agent," and by "B. F. Bowman." Upon the back thereof is an asssignment of the lease, under date of September 27, 1904, by "Henry C. Powell per J. F. Hecht, agent," to George E. Sutton.

The declaration counted upon the lease, and alleged that Bowman was in possession of the premises by virtue thereof, that there was due and unpaid $84, being rent for three months, that the lease had been assigned to Sutton, the beneficial plaintiff, and it claimed the recovery of this amount of $84 with $20 attorney's fees and costs of suit. The *cognovit* was signed by "John A. McKeown, defendant's attorney."

By this plea the defendant admitted that the amount due was $104, and released all errors, and consented to immediate execution. Judgment was entered March 10, 1905, in open court, for said sum of $104.

March 14, 1905, defendant, here appellant, entered his appearance in the cause, and moved the court to vacate said judgment, which motion the court upon hearing overruled. Appellant excepted to this ruling and perfected the present appeal.

A. M. LASLEY, for appellant.

ARTHUR W. UNDERWOOD, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The bill of exceptions shows that George E. Sutton testified, in response to questions asked by the court, that one of the signatures to the lease was that of appellant, that the latter occupied the premises under the lease and paid the stipulated rent therefor until January 1, 1905. Appellant moved to strike out this testimony, which motion the court overruled. The lease was put in evidence. Appellant filed no affidavit of a defense upon the merits, and the record contains no evidence in that regard.

Appellant contends that as the lease ran for more than one year and was signed by the lessor, by an agent, and there is no proof of the authority of the agent to thus sign the name of his principal, the lease was void, and the judgment should have been set aside upon motion. To this point he cites section 2, chapter 59, R. S., and Sigmund v. The Newspaper Co., 82 Ill. App. 178. Neither the statute nor the authority cited is applicable. In the case at bar appellant signed the lease, thus making it his deed, and thus estopping himself. Johnson v. Crane, 22 Ill. App. 367.

Appellant is not concerned in the question as to whether appellee, or Sutton, is benefited by this judgment. By the assignment of the lease appellant was not released from any of its covenants.

Appellant further contends that, because the lease provides that the tenant shall pay, in addition to the stipulated rent, the gas bills charged upon the premises during the life of the lease, therefore the amount of these bills being unliquidated, the power to confess judgment is void. He cites Little v. Dyer, 138 Ill. 272, in support of this proposition. In that case judgment was confessed, not only for the rent specified in the lease, payable in monthly installments, but also for water rents, gas bills, and the cost of

keeping the premises in a clean and healthy condition; while the power granted was "to confess judgment from time to time for any rent which may then be due by the terms of this lease." The court, two of the judges dissenting, held that the judgment was invalid.

In Fortune v. Bartolomei, 164 Ill. 51, the judgment entered upon confession under power contained in a lease was for rent only. The Supreme Court, distinguishing the case of Little v. Dyer, *supra*, affirmed the judgment.

In Scott v. Mantonya, 60 Ill. App. 481, 484, the judgment, which included $40 attorney's fees as provided for in the lease, was affirmed. "There was no error in his including the $20 attorney's fees in the judgment. He was authorized to do so by the power." Ball v. Miller, 38 Ill. 110.

In this case the power conferred was to "confess judgment from time to time for any rent which may be due to said party of the first part, or the assignees of said party, by the terms of this lease, with costs and $20 attorney's fees." This power was exercised within its limitations, and the judgment was entered for certain and liquidated sums of money only. The contention is not well founded.

The judgment record shows that the plaintiff filed his declaration, and that the defendant, by John A. McKeown, his attorney in fact, filed his warrant of attorney, the execution of which was duly proved, and his *cognovit* confessing the action and the amount due. These proceedings gave the court jurisdiction of the subject-matter and of the parties. If in the progress of the case error intervened, it would show an irregularity, but not a want of jurisdiction. Bush v. Hanson, 70 Ill. 480.

This judgment was entered in term time in a court of general jurisdiction. Hence all presumptions are in favor of its regularity. Whatever appellant has not shown is presumed against him. Before a judgment will be set aside for an irregularity, the party making the application must show some equitable reason therefor. In this case there is no affidavit of a meritorious defense in whole or in part to the judgment; nor is there any evidence in the record tending

to prove the existence of such a defense.   Rising v. Brain-ard, 36 Ill. 80; Gibboney v. Gibboney, 2 Ill. App. 324; Mumford v. Tolman, 157 Ill. 258; Blake v. State Bank of Freeport, 178 Ill. 184.

Appellant objects that it does not appear that John A. McKeown, who confessed the judgment for the defendant below, was an attorney of any court of record of this State. There is a broad distinction between causes wherein the proceedings were had in open court, as is the case here, and causes where the judgment is confessed in vacation. In the first instance, in the absence of proof to the con-trary, the presumption is that the attorney was fully quali-fied to act, while in the second instance his authority must be shown.   Farwell v. Huston, 151 Ill. 246; Jones on Ev., sec. 36, *et seq.*

Finding no reversible error in this record, we affirm the judgment of the Superior Court.

*Affirmed.*