## J. J. Cohen, Plaintiff in Error, v. Anna Rosenthal and Michael Rosenthal, Defendants in Error.

### Gen. No. 23,054. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SUL-LIVAN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Action by J. J. Cohen, plaintiff, against Anna Rosenthal and Michael Rosenthal, defendants, on certain promissory notes. A judgment by confession against defendants was, on motion of defendant Anna Rosenthal, vacated as to her, and she was let in to plead, but, on the trial, the case was dismissed for the failure of plaintiff to appear and prosecute the action. From an order made at a subsequent term correcting an erroneous entry of the clerk of court at the time of the trial on the "half sheet," that the order to vacate the judgment was dismissed for want of prosecution, so as to read that the judgment by confession was vacated and the action, as to the defendant Anna Rosenthal, was dismissed, plaintiff brings error.

PINES & NEWMANN, for plaintiff in error.

MAX M. GROSSMAN, for defendant in error Anna Rosenthal.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 256*—*what error by clerk in entering may be corrected at subsequent term.* Where a clerk of court, after a case

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

coming on for trial, after the vacation of a judgment by confession, was dismissed for want of prosecution, made an entry in his minute book indicating a dismissal for want of prosecution, but later, in transcribing the order from the minute book to the "half sheet," wrote that the order to vacate the judgment of the previous date was dismissed for want of prosecution, *held* that a clerical error was committed which might properly be corrected by order *nunc pro tunc* at a subsequent term.

2. JUDGMENT, § 263*—*when minutes of clerk sufficient to enable court to determine what order was for purpose of correction of error.* The minutes of a clerk "Dis. wt. Pros. p. c.," meaning, dismissed for want of prosecution at plaintiff's costs, made at the time of the trial of an action on promissory notes, upon failure of either party to appear, a judgment by confession having been vacated at a previous time, *held* sufficient to determine what the order was so as to warrant the correction at a subsequent term of the clerical error of the clerk, in transcribing the order from the minute book to the "half sheet," by writing that the order to vacate the judgment had been dismissed.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 38*—*when order dismissing case for want of prosecution is proper.* Where a defendant has procured the vacation of a judgment by confession and plaintiff fails to appear at the time of trial, an order dismissing the case for want of prosecution is proper.

4. JUDGMENT, § 86*—*what is effect of opening judgment by confession on burden of proof.* Where a defendant has been let in to plead, upon the opening of a judgment by confession, the burden rests upon plaintiff to prove his case the same as if there had been no judgment by confession.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.