Merit Acceptance Corporation, Appellant, v. Edward Novak, Appellee.

**Gen. No. 45,159.**

Opinion filed November 29, 1950.
Released for publication February 23, 1951.

JULES R. GREEN, of Chicago, for appellant.

KAMFNER & HALLIGAN, of Chicago, for appellee; EDWIN A. HALLIGAN and MARTIN K. IRWIN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On June 24, 1949, a judgment by confession was entered in the municipal court of Chicago in favor of Merit Acceptance Corporation and against Edward Novak for $173.34. On September 26, 1949, defendant filed a motion, supported by a verified petition, to vacate the judgment. On October 5, 1949, the court (JUDGE EDWARD P. LUCZAK, presiding) entered an order opening the judgment and giving defendant leave to appear and defend, the judgment to stand as security and the petition to stand as an affidavit of defense. When the cause came on for trial on January 9, 1950 (JUDGE JOSEPH A. POPE, presiding), plaintiff did not participate, contending that the court erred in opening the judgment. On an ex parte trial the jury returned an instructed verdict in favor of defendant and judgment was entered thereon, to reverse which plaintiff appeals.

Plaintiff maintains that the court did not have jurisdiction to enter the order opening the judgment. We assume, without deciding, that the petition sets up a meritorious defense to the action. The question pre-

sented, therefore, is whether defendant showed due diligence in filing his petition. In our opinion plaintiff is mistaken on the proposition of jurisdiction. Clearly, the trial court had jurisdiction to pass on the petition. We are called upon to decide whether the discretion vested in the court was abused.

The petition shows that defendant learned of the judgment the day after it was entered; that he communicated with the state's attorney of Will county, Illinois, who advised him that it would be for his best interest to obtain the help of a certain business bureau; that thereupon he communicated with the business bureau and informed it as to the matters set forth in the petition; that he was advised that the bureau would investigate and report to him, that on several occasions he communicated with the business bureau; that he was told that it was proceeding and would advise him shortly; that on or about September 15, 1949, he was advised it would be necessary for him to employ an attorney who would represent him in court; and that thereupon he employed the attorney who presented the matter to the court.

The same presumptions are indulged in favor of a judgment by confession entered in open court as in a judgment entered on service. *Alton Banking & Trust Co. v. Gray,* 347 Ill. 99; *Mitchell v. Comstock,* 305 Ill. App. 360. The burden was on defendant to make a showing of due diligence. The judgment was entered on June 24, 1949. Defendant did not move to open it until September 26, 1949. He knew of the judgment the day after it was entered. It is not contended that plaintiff misled him into believing that he had ample time in which to present his defense. He was personally served with an execution on July 21, 1949. On August 16, 1949, he furnished his employer with an affidavit that he was the head of a family. Presumably, the state's attorney of Will county and the business bureau

327

■■■■■■

■■■■■■

were acting for the defendant. All persons are bound to take notice that the motion to set aside the judgment should be made in the court where it was entered. The fact that the state's attorney of Will county and the business bureau did not advise defendant sooner that he should retain a lawyer to represent him in the court where the judgment was entered does not excuse defendant's delay. In our opinion there was an abuse of discretion in opening the judgment. Therefore, the judgment of the municipal court of Chicago of January 9, 1950, is reversed and the cause is remanded with directions to restore the judgment entered on June 24, 1949.

*Judgment reversed and cause remanded with directions..*

KILEY and LEWE, JJ., concur.