**Dr. John V. Wolfe and Helen L. Wolfe, Plaintiffs-Appellants, v. John Endres and Virginia Endres, Defendants-Appellees, and Helen Guilbert, Inc., Helen Guilbert and John D. Wolfe, Defendants.**

**Gen. No. 52,320.**

First District, Fourth Division.

July 9, 1969.

Rehearing denied September 11, 1969.

Albert Koretzky, of Chicago, for appellants.

Aplon, Bennett, Alexander & Levine, by Harold I. Levine, of Chicago, for appellees.

MR. JUSTICE STAMOS delivered the opinion of the court.

Dr. John V. Wolfe and his wife, Helen L. Wolfe, plaintiffs, appeal from an order granting John Endres and his wife, Virginia Endres, defendants, leave to appear and defend against a judgment entered by confession on a promissory note and from a judgment in favor of the defendants after a jury trial.

Plaintiffs contend: (1) the petitions to open the judgment by confession did not disclose a meritorious defense or diligence; (2) special interrogatories were inconsistent with the general verdict; (3) the verdict was not based on the instructions; (4) fraud was not alleged nor established by the evidence; and (5) the court erred in admitting parol evidence.

On February 27, 1963, in the Municipal Court of Chicago, plaintiffs secured a judgment by confession on a promissory note against Helen Guilbert, Inc., Helen Guilbert, John D. Wolfe, John Endres and his wife Virginia Endres in the amount of $16,622.48 and costs, which included $3,882.92 for interest and $872.02 attorney's fees. On May 8, 1963, plaintiffs caused writs of execution to issue and service was had on defendants on June 6, 1963; and on August 22, 1963 citations in supplemental proceedings were served upon defendants. On October 17, 1963 a verified petition filed by John and Virginia Endres moved the court to open the judgment by confession and alleged: (1) defendants executed the promissory note as agents of Helen Guilbert, Inc., and not in their individual capacities; (2) the note was given for a loan made to Helen Guilbert, Inc., and defendants did not receive any part of the proceeds; (3) defendant John Endres was not

97

an active agent or officer of Helen Guilbert, Inc., and had never received any compensation or income from that corporation; (4) said corporation was indebted to defendant John Endres; defendant Virginia Endres was not associated with said corporation in any manner; (5) there was no consideration for them to execute the note in their individual capacities in that they received no consideration or benefits from the proceeds advanced by plaintiffs to Helen Guilbert, Inc.; and (6) plaintiffs were the parents of John D. Wolfe who was the son-in-law of Helen Guilbert (the other co-makers) and defendants are not related by blood or marriage to plaintiffs or the other individuals who executed the note and it is these individuals who received a consideration and not defendants.

A supplemental petition was filed in support of the initial petition and was executed by the attorney for defendants under a verification that his allegations were being made pursuant to information and belief. The supplemental petition alleged: (1) since the initial petition to open the judgment was filed, defendants had ascertained and were informed that a substantial part, if not all, of the indebtedness had been paid by one of the codefendants; (2) that since the time the judgment by confession was entered there was an understanding by and between all of the parties that all matters would remain in status quo until such time as a settlement of the differences between the parties would be consummated; (3) contrary to said understanding plaintiffs filed a transcript of the judgment by confession with the Superior Court of Cook County and commenced citation proceedings in that court; (4) that as soon as defendants received notice of the citation proceedings, defendants took measures to vacate and set aside the judgment. On December 17, 1963, the court granted defendants leave to appear and defend. On October 6, 1966, after a jury verdict, judgment was entered in favor of defendants.

OPINION

We will first consider the order of December 17, 1963, giving defendants John and Virginia Endres leave to appear and defend. Judgment debtors Helen Guilbert, Inc., Helen Guilbert and John D. Wolfe sought no relief from the judgment.

Defendants' petition to open the judgment by confession was governed by the Civil Practice Rules of the Municipal Court of Chicago. Opening judgments by confession was regulated by Rule 2, § 23 (2) * which provided in part:

> "A motion to open a judgment by confession shall be supported by affidavit as provided by Section 15 of Rule 2 for summary judgments. . . . If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of plaintiff's demand and the court finds that defendant has been diligent in presenting his motion to open the judgment, the court shall then sustain the motion either as to the whole of the judgment or to that part to which a good defense is shown, and the case thereafter proceeds to trial upon the statement of claim, motion and affidavit and any further pleadings which are required or permitted."

Rule 2, § 15 (1) provided:

> "Affidavits . . . shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall af-

---

* This was substantially Supreme Court Rule 23 now incorporated in Supreme Court Rule 276, Ill Rev Stats 1969, c 110A, § 276.

firmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used."

See also Chapin v. Raven, 23 Ill App2d 512, 163 NE2d 229 (1959) (Abst).

An examination of defendants' initial petition recites a legal conclusion that defendants executed the note as agents of a corporation. There is no allegation reciting a lack of consideration for the note, only that defendants did not receive consideration.

In Harris Trust & Savings Bank v. Neighbors, 222 Ill App 201, 204 (1921), the court said:

"Although it [the affidavit] alleged that the appellant did not receive any consideration for the signing of the note, it did not allege that the note was without consideration. Notwithstanding the allegations of the affidavit, a consideration for the note might have moved from some third party which would be sufficient to support it."

A recitation of the family relationships or the lack of such affinity was irrelevant to the issues.

Thus we find that the petition to open the judgment by confession was lacking in the assertions of facts, as required by the rules, to show a prima facie defense that would justify the trial court's action. Also, this petition did not allege any facts to establish diligence on defendants' part.

An examination of the supplemental petition reveals it was executed by defendants' attorney under a verification predicated upon information and belief. The first paragraph is devoid of facts that could be testified to by affiant, but merely asserts that defendants "have ascertained and are informed" an "unnamed codefendant"

100

has paid "part, if not all" of the balance due on the note. We find no meritorious defense in the petitions.

The balance of the supplemental petition is devoted to asserting conclusions that the parties had been conferring since the time the judgment was entered and had reached an understanding to maintain a status quo until such time as they settled their differences. This is not presented as a defense, but as an endeavor by defendants to exculpate themselves from being charged with a lack of diligence.

The Municipal Court of Chicago, Rule 2, section 23(2) in part provided:

> *"Unless the defendant admits prior notice,* delay in presenting a motion for 30 days after service of execution shall not be deemed to constitute want of diligence."* (Emphasis supplied.)

Defendants' supplemental petition at paragraph 2 stated:

> "That all of the parties hereto have been conferring with and through their attorneys *from the time the judgment was entered* by confession on the note. . . ." (Emphasis supplied.)

Both defendants were served with executions on June 6, 1963. Citations in supplemental proceedings were served on both defendants on August 22, 1963. Defendants appeared in court and at their request were granted a continuance in the citation proceedings. Even so they did not file petitions to open the judgment until October 17, 1963.

Defendants rely upon Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350 (1952); Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963); Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829 (1960), in support of their contentions of diligence and disclosure of a prima facie meritorious defense.

Defendants correctly argue that these cases are authority for the proposition that the court can use its equitable powers to prevent an injustice.

In Ellman, supra, the defendant was misled by the actions of plaintiff. In Elfman, supra, the opinion relied upon the alleged serious illness of the attorney's mother, a meritorious defense and the allegation that opposing counsel took advantage of petitioner's attorney's absence. In Jansma, supra, the plaintiff had failed to properly serve defendants with summons.

In the instant case, no facts are alleged to show that defendants were relying upon the purported continuation of a status quo understanding which defendants allege had its inception from the day judgment was entered, nor could they have been alleged, since the writ of execution was served on June 6, 1963 and a citation summons on August 22, 1963. The supplemental petition does not recite facts that show plaintiffs were responsible for defendants' failure to move expeditiously and with alacrity to open the judgment by confession. No diligence was shown.

We therefore hold the trial court erred in granting leave to defendants to appear and make a defense with the judgment to stand as security.

Plaintiffs also complain of errors in the trial after the judgment by confession was opened. Since we are reversing the judgment for failure of defendants' petition to set forth either diligence or a meritorious defense, we need not consider alleged errors at the trial.

The judgment of October 6, 1966, and the order of December 17, 1963, granting leave to appear and defend are reversed and the cause remanded with directions to deny defendants' petitions which sought to vacate or open the judgment by confession.

Reversed and remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.