## ROBERT HUTSON AND ANOTHER v. LARRY CHRISTENSEN AND ANOTHER.

203 N. W. 2d 535.

December 22, 1972— No. 43351.

*Nord, Webster & Brennan* and *Richard Baldwin,* for appellants.

Heard before Knutson, C. J., and Otis, Kelly, and Todd, JJ.

KELLY, JUSTICE.

Plaintiffs brought suit in the district court upon a cognovit judgment obtained in the Circuit Court of Cook County, Illinois. The district court granted plaintiffs summary judgment on the basis that the Illinois judgment was entitled to full faith and credit in Minnesota. We reverse.

The record indicates that defendants leased an apartment from plaintiffs in Arlington Heights, Illinois, for $275 a month. Among the provisions in the standard printed lease agreement was the following confession of judgment and power of attorney:

"The Lessee hereby irrevocably constitutes any attorney of any court of record in this state, attorney for Lessee in Lessee's name, on default by Lessee of any of the covenants herein, and upon complaint made by Lessor, his agent or assigns, and filed in any such court to enter Lessee's appearance in any such court of record, waive process and service thereof, and confess judgment, from time to time, for any rent which may be due to Lessor, or the Lessor's assignees, by the terms of this lease, with costs and a reasonable sum for attorney's fees, and to waive all errors and all right of appeal from said judgment, and to consent in writing that a writ of execution may be issued immediately."

The lease also made defendants responsible for all repairs and damage to the apartment, providing that "the expense of such repairs shall be included within the terms of this lease and any judgment by confession entered therefor."

Thereafter, defendants moved to Minnesota. On August 6, 1970, plaintiffs, pursuant to the portions of the lease quoted above, obtained a judgment for $1,048.35 in the Cook County

court. Two months later plaintiffs brought suit upon the Illinois judgment in the District Court of Hennepin County. Defendants contended that $275 of the Illinois judgment represented rent and that the balance was for claimed damage to the apartment. Defendants specifically denied doing any damage to the apartment. The district court awarded judgment to the plaintiffs, stating that the Illinois judgment was entitled to full faith and credit in Minnesota.

Mr. Justice Blackmun, in a recent decision, described a cognovit judgment similar to the one obtained in Illinois in this case as follows:

"The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even [as in the instant case] with the appearance, on the debtor's behalf, of an attorney designated by the holder. It was known at least as far back as Blackstone's time. 3 W. Blackstone, Commentaries *397. In a case applying Ohio law, it was said that the purpose of the cognovit is 'to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert.' *Hadden v. Rumsey Products, Inc.,* 196 F. 2d 92, 96 (CA 2 1952). And long ago the cognovit method was described by the Chief Justice of New Jersey as 'the loosest way of binding a man's property that ever was devised in any civilized country.' *Alderman v. Diament,* 7 N. J. L. 197, 198 (1824). Mr. Dickens noted it with obvious disfavor. Pickwick Papers, c. 47."

D. H. Overmyer Co. Inc. v. Frick Co. 405 U. S. 174, 176, 92 S. Ct. 775, 777, 31 L. ed. 2d 124, 128 (1972).

Cognovit judgments in Illinois are authorized by Ill. Rev. Stat. c. 110, § 50(3) (1967):

"Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in

which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding."

Generally, as in the case before us, the debtor is unaware of any legal proceedings until after judgment has been entered against him. The judgment may be executed immediately unless the debtor, in the most diligent manner,[1] moves the court to open judgment. At this point, the defendant has the burden of going forward with an affidavit to demonstrate that he has a prima facie defense.[2] The court is given wide discretion with respect to its decision about whether to open the matter.[3] Only after the judgment is opened does the plaintiff have the burden of proof.[4]

Defendants, in their answer, assert that most of the $1,048.35 is for alleged damage to the apartment, and, as we indicated earlier, the lease contained a confession-of-judgment provision in the clause relating to damage to the apartment. This portion of the cognovit violates Illinois law. Confession-of-judgment clauses in Illinois are authorized only for debts of a certain definite and fixed sum. In the early case of Little v. Dyer, 138 Ill. 272, 27 N. E. 905 (1891), the lease provided for payment of a fixed sum for rent and also provided that any payments made by the lessor for utilities were "additional rent." The lease also provided for confession of judgment "from time to time for any rent which may then be due by the terms of this lease." The Illinois court invalidated a confession of judgment which appar-

---

[1] The debtor has the burden of showing that he acted diligently. Wolfe v. Endres, 113 Ill. App. 2d 96, 251 N. E. 2d 740 (1969); Merit Acceptance Corp. v. Novak, 342 Ill. App. 325, 96 N. E. 2d 649 (1950).

[2] Ill. Rev. Stat. c. 110A, § 276 (1967); National Boulevard Bank v. Corydon Travel Bureau, Inc. 95 Ill. App. 2d 281, 238 N. E. 2d 81 (1968).

[3] National Boulevard Bank v. Corydon Travel Bureau, Inc. *supra*.

[4] Cohen v. Rosenthal, 207 Ill. App. 331 (1917).

ently included utility bills paid by the lessor. The court's harsh criticism of the procedure is appropriate to the case at bar:

"* * * It would be absurd to contend that such unrestricted power was given to the creditor or *his* attorney and a rule such as that would be in the highest degree productive of fraud and subversive of justice, and would be tantamount to making one of the parties in interest not only both plaintiff and defendant, but court also, — and that, too, in his own cause." 138 Ill. 279, 27 N. E. 906.

Confession-of-judgment clauses are valid in Illinois for the rent specified in the lease [5] but not for utilities [6] or rent due by reason of a tenancy created by the tenant's holding over after the termination of the lease.[7]

In Grundy County Nat. Bank v. Westfall, 49 Ill. 2d 498, 275 N. E. 2d 374 (1971), the highest court in Illinois reaffirmed this limitation upon cognovit judgments. There, the debtor received from the bank six separate loans which were guaranteed by the debtor's wife. The guaranty agreement promised full and prompt payment of "any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced to the extent of — * * *." The amount of $50,000 was later written in the blank, so the final clause read "to the extent of $50,000." 49 Ill. 2d 501, 275 N. E. 2d 376. The court vacated the cognovit judgment which the bank had obtained against the debtor's wife and guarantor because "[t]he authorization was not for a fixed sum specified or one ascertainable from the instrument itself." 49 Ill. 2d 503, 275 N. E. 2d 376.

---

[5] Fortune v. Bartolomei, 164 Ill. 51, 45 N. E. 274 (1896).

[6] Little v. Dyer, 138 Ill. 272, 27 N. E. 905 (1891).

[7] Weber v. Powers, 213 Ill. 370, 72 N. E. 1070 (1904); Hymen v. Anschicks, 270 Ill. App. 202 (1933).

A portion of the Illinois court's opinion in Grundy County Nat. Bank v. Westfall, *supra*, is highly significant to the instant case:

"We consider that the judgment by confession was improperly entered, as the warrant of attorney upon which it was confessed was not legally sufficient. As a consequence the circuit court was *without jurisdiction* to enter the judgment and, the judgment being void, it must be vacated and the cause remanded." (Italics supplied.) 49 Ill. 2d 500, 275 N. E. 2d 375.

The confession of judgment in the case before us suffers from the same defect. The Circuit Court of Cook County, Illinois, had no jurisdiction to enter a judgment for damages and repairs to the apartment which defendants occupied.[8] Judgments obtained without jurisdiction are not entitled to full faith and credit.

Defendants wish us to declare that a cognovit judgment obtained in a foreign state by confession of judgment which gives the debtor no notice or opportunity to appear and contest is violative of the due process clauses contained in the Federal Constitution and is therefore not entitled to full faith and credit in the courts of Minnesota.

In D. H. Overmyer Co. Inc. v. Frick Co. 405 U. S. 174, 92 S. Ct. 775, 31 L. ed. 2d 124 (1972), involving an Ohio statute, the same argument was made—that due process requires reasonable notice and an opportunity to be heard. The further argument was made in Overmyer that it is "unconstitutional to waive in advance the right to present a defense in an action on a note." 405 U. S. 184, 92 S. Ct. 782, 31 L. ed. 2d 133. It was conceded that

---

[8] This court has no way of knowing, except by defendants' answer below, how much if any of the $1,048.35 judgment was for damages and repair. Any cognovit which confesses judgment for a sum which *might* be uncertain is defective. In Illinois, judgments by confession are circumspectly viewed. "The power to confess a judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void." Grundy County Nat. Bank v. Westfall, 49 Ill. 2d 498, 501, 275 N. E. 2d 374, 375 (1971).

in Ohio the courts have the power to open the judgment upon a proper showing, but plaintiff contended that such a move is discretionary, ordinarily will not be disturbed on appeal, and may not prevent execution before the debtor has notice.

The Supreme Court in Overmyer held that due process rights to notice and hearing prior to a civil judgment are subject to waiver, and that the judgment debtor in that case had voluntarily, intelligently, and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing and that it had done so with full awareness of the legal consequences. Thus, we learn from Overmyer that a cognovit clause is not per se violative of Fourteenth Amendment due process.

The court was careful to point out that the Overmyer holding was "not controlling precedent for other facts of other cases." For example, where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, "other legal consequences may issue." 405 U. S. 188, 92 S. Ct. 783, 31 L. ed. 2d 135.

In Swarb v. Lennox, 405 U. S. 191, 92 S. Ct. 767, 31 L. ed. 2d 138 (1972), the court affirmed the decision of a three-man Federal District Court in a class action relating to Pennsylvania cognovit provisions. However, the appeal was taken by the debtors and there was no cross-appeal, so it appears that the court did not pass upon those portions of the lower court decision that were favorable to the debtors.

The syllabus in Swarb describes the factual setting and the holding of the three-man court as follows (405 U. S. 191, 92 S. Ct. 767, 31 L. ed. 2d 141):

"Appellants (hereafter plaintiffs), purporting to act on behalf of a class consisting of all Pennsylvania residents who signed documents containing cognovit provisions leading, or that could lead, to confessed judgments in Philadelphia, brought this action challenging the Pennsylvania system as unconstitutional on its face as violative of due process. The three-judge District Court held that: the Pennsylvania system leading to confessed judg-

ments and execution complies with due process only if 'there has been an understanding and voluntary consent of the debtor in signing the document'; plaintiffs did not sustain their burden of proof with respect to lack of valid consent in the execution of bonds and warrants of attorney accompanying mortgages; the record did not establish that the action could be maintained on behalf of natural persons with incomes over $10,000, but an action could be maintained for those who earn less than $10,000 and who signed consumer financing or lease contracts containing cognovit provisions; there was no intentional waiver of known rights by members of that class in executing confession-of-judgment clauses; and no judgment by confession might be entered after November 1, 1970, as to a member of the recognized class unless it is shown that the debtor 'intentionally, understandingly, and voluntarily waived' his rights; and the court declared the Pennsylvania practice of confessing judgments to be unconstitutional, prospectively effective as noted, as applied to the designated class, and enjoined entry of any confessed judgment against a member of the class absent a showing of the required waiver. The plaintiffs appealed, claiming that the entire Pennsylvania scheme is unconstitutional on its face."

It appears that the trial court put the burden of showing the required waiver of the due process right to notice and a hearing before entry of a cognovit judgment upon the creditor as to members of the recognized class after a given date. It is not clear that such holding would apply generally and to persons who were not members of the class. Considering that the Supreme Court of the United States has said, "We do not presume acquiescence in the loss of fundamental rights," Ohio Bell Tel. Co. v. Public Utilities Comm. 301 U. S. 292, 307, 57 S. Ct. 724, 731, 81 L. ed. 1093, 1103 (1937), the burden of proving a valid waiver of constitutional due process rights probably should be on the creditor. However, we need not reach that issue in this case because we have decided that the Illinois judgment was obtained without

jurisdiction in the State of Illinois and for that reason it is not entitled to full faith and credit in Minnesota.

Reversed and remanded for further proceedings not inconsistent with this decision.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.