Mary L. Kent and Amos M. Martin, Appellants, v. Frank Rhomberg and Elisabeth Rhomberg, Appellees.

Gen. No. 38,758.

Opinion filed January 27, 1937.   Rehearing denied February 16, 1937.

EDWARD H. S. MARTIN, of Chicago, for appellants.

ANDERSON & ANDERSON, of Chicago, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.
This is an appeal by the plaintiff from a judgment entered by the court for the defendants after a trial

upon the amended petition of the defendants to vacate a judgment by confession in favor of the plaintiff.

Subsequent to the day the appeal was filed in this court, Amos M. Martin, a joint trustee, died and an order was entered suggesting his death and that Mary L. Kent, as the surviving trustee, continue to act as sole trustee and plaintiff in the above entitled cause.

The verified petition of the defendants, as amended, alleges that the defendants were the owners of certain real estate described in a trust deed securing payment of their four promissory notes, payable in two, three, four and five years after their date, the first three for $400 each, and the last, upon which the judgment was entered, for $2,300; that they paid the interest and prepayments due; that on October 4, 1926, they contracted to sell the real estate to Edward Williams, which contract was consummated on or about December 30, 1926, when they executed a warranty deed to said Williams and conveyed title to the real estate to him for an express consideration of $10 and other good and valuable considerations, subject to the trust deed; that at the time of the closing of the deal, Williams verbally assumed and agreed to pay the $3,100 balance due on said mortgage, and the indebtedness secured by the trust deed was withheld from the purchase price, as appears from a closing statement made at the time; that on February 8, 1927, Williams made a prepayment of $400 due under said mortgage, and every six months thereafter paid the plaintiff the interest due, until February, 1929, and at maturity of said $2,300 note, the plaintiff and Williams entered into an extension agreement extending the note for five years, and Williams at the time of said extension had made $800 of prepayments and paid interest; that defendants had made none subsequent to the execution of said warranty deed; that by receiving said interest and prepayments from Williams, the plaintiff knew, or was put on notice so that

by reasonable diligence and care she would have been in complete possession of all the facts as to the assumption of the mortgage by Williams.

To this amended petition counter-affidavits were filed, signed by Amos W. Martin and Mary L. Kent.

From the facts in evidence it appears that on February 6, 1924, the defendants, Frank Rhomberg and Elisabeth Rhomberg, his wife, executed a trust deed conveying the real estate therein described to Amos Martin to secure an indebtedness of $3,500, evidenced by three notes for $400 each, and a final note for $2,300, due two, three, four and five years after their date.

On October 4, 1926, the Rhombergs entered into a contract to sell the property, subject to the trust deed, to Edward Williams at a price of $8,500, to be paid as follows: $600 earnest money; $3,400 on closing the deal, and a purchase money mortgage for $1,400, payable in monthly instalments of $70 each until paid. It appears from the contract that the therein described real estate was also subject to the trust deed, of which $3,100 remained unpaid.

Later, on December 30, 1926, the Rhombergs closed the deal, making one change in the terms of the contract, namely, that Williams, the buyer, would pay and the sellers would accept $3,000 cash, and the purchase money mortgage increased from $1,400 to $1,800, Williams to meet the prepayment of $400, due on February 6, 1927.

The deed, which was a warranty deed, was executed on the 30th day of December, 1926, and after this deed was recorded, Williams, the purchaser, paid to the plaintiff $400 prepayment due on February 6, 1927, and another prepayment of $400 on February 6, 1928. The interest due and accruing on the loan had been paid to the plaintiff when the entire loan matured; in other words, Williams paid two prepayments, aggregating $800, and five instalments of interest. The purchase money mortgage of $1,800, executed by Williams to

secure the payment of this amount to the Rhombergs, was paid in full, so that on February 6, 1929, there remained $2,300 due on the original loan of $3,500.

The warranty deed, which was executed by the Rhombergs, conveyed the property to Williams and recites a consideration of $10 and other good and valuable considerations, and describes the trust deed in question and the notes and their maturities, but does not contain an express clause of assumption by Williams.

Upon the maturity of the last note involved in the litigation the plaintiff without the knowledge or consent of the defendants, entered into an extension agreement, which recites that Williams had obtained title to the premises described in the trust deed from the Rhombergs, and extended payment of the $2,300 note for the period of five years, with interest at the rate of 6½ per cent, payable semiannually, for which 10 interest notes were signed by Williams. This agreement was made between the plaintiff and Edward Williams, but was not executed by Williams' wife.

On May 8, 1935, the plaintiff obtained a judgment against the defendants by confession for $2,702.59, which included attorney's fees and costs. The defendants testified that they had not paid any interest nor made any payments whatsoever on the loan after they sold the real estate to Williams in December, 1926. So it is apparent from the record that the judgment against the defendants by confession for $2,702.59 entered on May 8, 1935, was entered eight years after title was conveyed to Williams.

The plaintiff contends that the amended petition and the supporting affidavits were insufficient to justify vacating the judgment, for the reason that they did not affirmatively show that the affiants, if sworn as witnesses, could testify competently to the allegations of fact therein contained. In support of her contention she cites Supreme Court Rules 26 and 15 (pars. 250

and 238, ch. 110, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 105.26, 105.15).

"Rule 26. A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments," . . .

"Rule 15. (1) The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; . . . shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto . . . ."

The record, however, shows that the court entered judgment on December 10, 1935, after consideration of the evidence presented, vacating the judgment by confession and providing that the plaintiff take nothing by her suit and that defendants recover costs of and from the plaintiff. The abstract of record does not show that the plaintiff objected upon the ground urged, so that the question cannot be considered by this court.

The plaintiff contends, however, that the evidence did not show nor tend to show that plaintiff had notice or knew, or ought to have known at the time of the alleged extension, that Williams, the new owner of the real estate, had assumed or agreed to pay the note sued upon, which was secured by a trust deed upon the real estate in question.

In consideration of this question it is necessary to have in mind the fact that when the real estate was conveyed by the defendants to Edward Williams, the consideration, as appears in the deed, was for the sum of $10 and other good and valuable considerations. This would indicate that the consideration mentioned in the warranty deed did not of itself show what sums were considered by the parties in the transfer of this property. This statement, however, does appear in the brief of appellant: "While the contract did not say the purchasers assumed or agreed to pay the notes, yet

the note appears to have been deducted from the purchase price,'' therefore the court will assume that Williams is properly charged with having assumed and agreed to pay the amount that matured, namely $2,300, and is now in default.

From the facts it appears that after conveyance of title by warranty deed to Williams, he made a prepayment of two notes for $400 each and interest accruing to the plaintiff, and the plaintiff received the money from Williams as the amounts fell due.

The pertinent question is whether at the time the extension agreement was executed the plaintiff had notice of these facts. It appears that during the eight years following the conveyance to Williams, until the maturity of the note in question, Williams made prepayments of the notes that matured, as well as the interest, and if the plaintiff had knowledge of the conditions upon which this title vested in Williams, which it would seem she did have from the fact that she admitted the amount of the note in question was deducted from the purchase price, then the extension would release the defendants.

In the case of *Prudential Ins. Co. v. Bass,* 357 Ill. 72, called to our attention by the defendants, the Supreme Court of our State passed upon questions similar to those involved in the present litigation, and their opinion seems to sustain the contention of defendants that in order to bind them by the extension of the maturity of the note their consent was necessary.

The serious question involved in this litigation is as to the words contained in the trust deed which the defendants executed and wherein they agreed ''to pay said indebtedness according to any agreement extending the time of payment.'' The words are those used by the defendants in the execution of the trust deed, and the language is broad enough to cover the extension of time of the maturity of the note in question.

The defendants point to the fact that the note of itself does not contain this language, but contend that

334

they did not agree or consent to the extension of the time of maturity of the note, and for that reason they are released from all liability upon the note. Therefore it is necessary for this court to consider not alone the note, but also the trust agreement executed by the parties at the time the note was signed. As a part of the defense the defendants offered this trust deed in evidence, and from this document the words permitting the extension of payment of the note are a part of the record.

Upon this question the plaintiff has called our attention to the case of *Continental Nat. Bank & Trust Co. v. Reynolds,* 286 Ill. App. 290, in support of her theory that the words of the trust deed justified the extension of the time of maturity of the note, and being words used by the defendants at the time of the execution of the trust deed, they authorized the extension, and from that fact, when the extension was granted, they were still liable. The court upon the question said:

"After a careful consideration of these authorities we have reached the conclusion that 'any extension' as here used should not receive the narrow interpretation sought to be placed on the language thus employed, but should rather be interpreted in the ordinary sense of 'each' and 'every' extension, without limited numbers. If the parties had intended to limit the right of the holder of the note to grant time they could easily have expressed their intention by using other language, such as 'an extenison,' or 'one extension,' or have placed a time limit on the authority of the holder to extend."

We are of the opinion that the reasoning in the case from which we have just quoted is applicable to the cause here on appeal. There is no language which limits or qualifies the extension of time of payment in the trust deed in question, but the words used are very broad when it appears from the trust deed that the time of payment of the indebtedness may be extended

according to any agreement which might be entered into for that purpose. The language not alone applies to an extension agreement that might have been had between the plaintiff and the defendants, but applies equally well to the extension agreement entered into between the plaintiff and Williams, the successor to title of the defendants by their deed.

We have carefully considered what we believe to be the material objections offered, and are of the opinion that the court erred in finding for the defendants and entering judgment, and that the judgment must be reversed and judgment entered here for the plaintiff in the sum of $2,702.59, the amount entered by confession in the trial court.

*Judgment for defendants reversed and judgment here for plaintiff for $2,702.59.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.