(No. 43543.—

THE GRUNDY COUNTY NATIONAL BANK, Appellee,
v. BETH WESTFALL, Appellant.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 29, 1971.*

GOLDENHERSH, J. dissenting.
UNDERWOOD, C. J., and RYAN, J., took no part.

DUNN & HAYES, of Morris, for appellant.

JOHN J. BLACK and AUGUST B. BLACK, both of Morris, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

On November 20, 1967, the plaintiff, The Grundy County National Bank, obtained a judgment by confession against John Westfall in the amount of $50,815.33. The following day, the plaintiff also obtained a judgment by confession against Beth Westfall, the wife of John Westfall and the defendant here, in the same amount under an instrument she had executed which was a combination guaranty agreement and warrant of attorney. Her motion to vacate and open up the judgment of confession entered against her was denied by the circuit court and the Appellate Court for the Third District affirmed the

judgment, holding that the instrument was sufficiently definite to support the confession of the defendant's liability and that there was not a sufficient basis to open the judgment. (125 Ill.App.2d 254.) We granted the defendant's petition for leave to appeal. See Ill.Rev.Stat. 1969, ch. 110A, par. 315.

The circumstances forming the background to the controversy were described in the appellate court opinion:

"As it appears from the affidavits and other documentary exhibits, prior to 1963, John Westfall and Beth, his wife, the defendant in this action, carried on a farm enterprise in Grundy County. The farm was leased from Beth Westfall's mother, who had a life estate therein, the remainder going to Beth Westfall. Receipts from the farm were deposited in a joint account in plaintiff bank and prior to 1963 defendant had made occasional withdrawals for farm purposes and had joined with her husband in borrowing money from the plaintiff. On October 21, 1963, at the request of her husband, Beth Westfall signed a loan guaranty agreement which was delivered by her husband to the plaintiff. Thereafter, the bank made loans to John Westfall on his signature alone and in 1967, made loans to him represented by judgment notes in the amount of $46,226.51. [The complaint against John Westfall shows that he had executed notes in favor of the plaintiff as follows:

| | |
|---|---|
| January 20, 1967: | $20,000.00 |
| April 6, 1967: | 3,500.00 |
| June 13, 1967: | 1,500.00 |
| June 14, 1967: | 7,500.00 |
| August 4, 1967: | 1,500.00 |
| October 13, 1967: | 12,226.51] |

The farming business did not prosper in 1967 and on November 20, 1967, plaintiff secured a judgment by confession in the Circuit Court of Grundy County against John Westfall in a total amount of $50,815.33. On

November 21, 1967, plaintiff secured a judgment by confession against Beth Westfall, defendant in this case, for a like amount based on the guaranty agreement and the warrant of attorney contained therein. \*\*\*

"It is undisputed that Beth Westfall signed the printed form of loan guaranty agreement in October 1963 and it is also undisputed that except for her signature, the blanks were not filled in, either at the time she signed it, delivered it to her husband, or when it was received by the bank. The blanks which were not filled in include the date, the name of the debtor, the name of the bank and the limitation or extent of liability assumed. In their depositions which were included with defendant's motion, two officials of the plaintiff stated that the blanks were completed in October, 1967, about one month prior to the date of the judgment." 125 Ill.App.2d 254, at 256-7.

The defendant contends that the judgment by confession was void because the warrant of attorney appearing in the guaranty agreement was uncertain and indefinite and required resort to evidence *dehors* the instrument to determine the extent of her claimed liability. She argues, too, that the guaranty agreement was invalid, because portions of the instrument relating to the amount of the indebtedness involved and other significant matters were in blank at the time she signed the instrument.

We consider that the judgment by confession was improperly entered, as the warrant of attorney upon which it was confessed was not legally sufficient. As a consequence the circuit court was without jurisdiction to enter the judgment and, the judgment being void, it must be vacated and the cause remanded. (See *Barnard v. Michael, 392 Ill. 130; Weber v. Powers, 213 Ill. 370.*) It will not be necessary to consider the validity of the defendant's other contention.

Judgments by confession are circumspectly viewed. It was said in *Wells v. Durst Chevrolet Co., 341 Ill. 108, at*

*111,* "The power to confess a judgment must be clearly given and strictly pursued and a departure from the authority conferred will render the confessed judgment void. *(Keen v. Bump, 286 Ill. 11; Weber v. Powers, 213 id. 370; Whitney v. Bohlen, 157 id. 571;Little v. Dyer, 138 id. 272; Frye v. Jones, 78 id. 627; Tucker v. Gill, 61 id. 236; Chas v. Dana, 44 id. 262)."* The extent of the liability undertaken must be ascertainable from the face of the instrument in which the warrant is granted. As was said in *Weber v. Powers, 213 Ill. 370, at 383:* "A judgment by confession must be for a fixed and definite sum, and not in confession of a fact, that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession." (See, too, *Little v. Dyer, 138 Ill. 272, 279.)*Freeman on Judgments, sec. 1321, states: "A warrant must state the amount for which judgment is authorized or state facts from which the amount can be definitely ascertained, and where it merely authorizes judgment for such sum as may be found to be due between the parties in their future dealings, it is void for uncertainty."

Here the instrument guaranteed full and prompt payment by the defendant to plaintiff of "any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced to the extent of ___ ***." In the blank space "$50,000" had been written so that at the time the judgment was entered it read "to the extent of $50,000." The sweeping guaranty, which was not even limited to loans from the plaintiff to John Westfall, contained the authorization to confess judgment against the defendant in the following terms: "At any time after date hereof, to further secure the payment of said indebtedness, the

undersigned hereby authorizes irrevocably any attorney of any court of record to enter the appearance of the undersigned in such court in term time or vacation, to waive service of process and to confess judgment in favor of said Bank *** together with costs of suit and reasonable attorney's fees to be included therewith ***."

The dissenting opinion in the Appellate Court correctly observed that this warrant is defective. It does not state the amount which may be confessed nor permit its ascertainment. The extent of liability can be ascertained only by evidence *dehors* the instrument granting the power to confess judgment. The consequences of this, as has been said earlier here, is that the power to confess judgment is invalid and any judgment entered under the warrant is void. *Weber v. Powers, 213 Ill. 370, 383; Little v. Dyer, 138 Ill. 272, 279;*Freeman on Judgments, sec. 1321; 7 A.L.R. 730, 735-736; "Reappraisal of Confession Judgment," 48 Ill.Bar. J. 764, 765-66 (1960).

The majority in the appellate court opinion felt bound to carry out what it considered to be the intention of the parties. The question presented, however, is not one of determination of intention or construction of the contract and authorization to confess judgment. The cases relied on by the majority do not consider the precise situation here.

The plaintiff's citation of *McDonald v. Chisholm, 131 Ill. 273,* similarly misses the mark. There this court upheld a judgment confessed on notes given to secure future advances. However, the power to confess judgment on the notes to which the power to confess applied were in the specific sums of $1200 and $600. When the advances reached these amounts, judgment was confessed. The guaranty which the defendant here signed, and which contained the warrant of attorney, authorized the confession of judgment against her for: "any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part

thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced ***."

The authorization was not for a fixed sum specified or one ascertainable from the instrument itself.

For the reasons given, the judgment of the circuit court of Grundy County is vacated and the cause is remanded for further proceedings consistent with this opinion.

*Judgment vacated, and cause remanded.*

UNDERWOOD, C.J., and RYAN, J., took no part in the consideration or decision of this case.

MR. JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent from the majority opinion and would affirm the judgments of the circuit and appellate courts. The appellate court opinion, adequately, and in my judgment correctly, deals with the question of the blanks in the guaranty agreement at the time of its execution and correctly points out the inadequacies of defendant's affidavit in support of her motion.

The majority opinion appears to rest on the fact that "the extent of liability can be ascertained only be evidence *dehors* the instrument." The instrument is an unconditional guaranty of defendant's husband's indebtedness up to $50,000, and the only evidence *dehors* the instrument necessary to ascertain the amount owed is testimony as to how much is due. This would be true if the warrant were contained in a note, rather than a guaranty agreement and I fail to perceive the distinction.