GRUNDY COUNTY NATIONAL BANK, Plaintiff-Appellee, *v.* BETH F. WESTFALL, Defendant-Appellant.

(No. 72-305; ▮▮▮▮▮▮▮▮)

Third District—August 24, 1973.

*Rehearing denied September 20, 1973.*

Thomas B. Dunn, of Morris, for appellant.

August Black, of Morris, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Grundy County granting a motion of the Grundy County National Bank, plaintiff, for summary judgment in action on a guaranty agreement signed by Beth F. Westfall, the defendant, which was to guarantee the notes of her husband payable to the plaintiff.

As it appears from the record, prior to 1963 John Westfall and Beth, his wife, the defendant in this action, carried on a farm enterprise in Grundy County. The farm was leased from the defendant's mother who had a life estate therein, the remainder going to the defendant. Receipts from the farm were deposited in a joint account in plaintiff bank and prior to 1963 the defendant had made occasional withdrawals for farm purposes and had joined with her husband in borrowing money from the plaintiff. On October 21, 1963, at the request of her husband the plaintiff signed a loan guaranty agreement which was delivered by her husband to the plaintiff bank. Thereafter the plaintiff made loans to him represented by judgment notes in the amount of $46,226.51. It is undisputed that the defendant signed a printed form of loan guaranty agreement as well as it is undisputed that the blanks on the form were not filled in either at the time she signed it, delivered it to her husband or when it was received by the plaintiff bank. The unfilled blanks included the date, the name of the debtor, the name of the bank, and the limitation of the extent of liability assumed. The blanks were later filled in and the form completed by bank officials in October, 1967. We believe that it should be noted that the guaranty agreement signed by the defendant was in the nature of a cross agreement in that at the same time her husband John B. Westfall signed a similar agreement in which he guaranteed the defendant's credit to the extent of $50,000 and that this agreement form when signed contained this figure and all other blanks were filled with the requisite information.

The subject matter of this case has previously been before this court in *Grundy County National Bank v. Westfall*, 125 Ill.App.2d 254, 260 N.E.2d 745, from which decision an appeal was taken to our supreme court which ruled that the warrant to confess judgment was void for the reason "the extent of liability can be ascertained only by evidence dehors the instrument granting the power to confess judgment." (*Grundy County National Bank v. Westfall*, 49 Ill.2d 498, 275 N.E.2d 374.) The case was remanded to the trial court for further proceedings for judgment. As we have stated the plaintiff bank filed a motion for summary judgment supported by affidavits and attached exhibits. Evidence as to the extent of liability on the loan guaranty agreement was introduced, none of which was challenged by the defendant. The trial court entered a decree granting plaintiff's motion for summary judgment in the sum of $26,289.14 which included interest from June 28, 1972 together with costs of suit. The decree also denied the defendant's motion for summary judgment as well as a motion to strike a portion of the plaintiff's complaint. This appeal stems from the orders of the trial court contained in the decree.

We are first confronted with the issue as to whether there was any triable issue on the loan guaranty signed by the defendant on the basis of the evidence adduced as well as the admissions of the defendant.

The defendant in answering the amended complaint of the plaintiff admitted that on October 21, 1963 she executed a loan guaranty agreement, but that the name of the debtor on the agreement was blank, yet she knew it to be her husband, John B. Westfall. She also alleged that the name of the bank was left blank in the agreement but it was known to her that the bank involved was the plaintiff Grundy National Bank of Morris, Illinois. In regard to the blank space in the agreement relative to the amount of the guarantee the defendant admitted in her answer that she intended to guarantee the plaintiff only to the extent of $20,000, which sum has been repaid.

From these admissions it is obvious that the defendant admitted the guaranty agreement to be valid but that liability was limited to the sum of $20,000.

The trial court in considering the motions for summary judgment filed by the respective parties also had before it statements made by the defendant in a deposition. That portion of the deposition which is pertinent to the issue before us is as follows:

"Question: You say the words $50,000 were not there; do you recall that?

Answer: I recall there was no writing, nothing written in on pen and ink on that.

Question: Do you recall for what amount of credit it was for?

Answer: There was no mention of credit that it was to be for.

Question: Was there any designation with your husband that it was for $10,000 or $25,000?

Answer: No, no discussion, absolutely, for any amount.

Question: There was no designation?

Answer: No."

The statements of the defendant in her deposition and the allegations in the pleadings filed by her are diametrically opposed as to the amount involved in the guaranty agreement. She stated in her deposition that there was no discussion or designation as to the amount of credit to be guaranteed yet subsequently in pleadings filed by her admits that she intended to guarantee the liability of her husband to the sum of $20,000.

Confronted with these two conflicting positions taken by the defendant the trial court in its opinion which concluded that plaintiff's motion for summary judgment should be granted made the following observation:

"The fact that the defendant now states that the guaranty was

for $20,000 does not make the amount of the guaranty a triable issue. The defendant is bound by the prior admission she made in her deposition. Triable issues cannot be manufactured by a change in one's testimony."

We concur in this finding by the trial court and further subscribe to its statement that "She (defendant) knew the date, the name of the debtor, the name of the bank and the fact that she had signed a guaranty. She now contends, however, that the guaranty was for the sum of $20,000.00. The admissions made by her in her deposition belie this fact."

It should be noted that in the case before us we do not have a defendant inexperienced in the ways of finance nor one who is encumbered by lack of understanding or education. She had participated with her husband in carrying on a farming enterprise and this participation included writing checks and joining in with her husband in borrowing money for the farm operation. The defendant is a well educated individual having graduated from Stanford University with a B.A. degree. Further it cannot be ignored that the loan guaranty agreement signed by her was a cross guarantee agreement in that her husband on the same date executed an agreement guaranteeing the defendant's credit to the sum of $50,000.

■■ In the light of such circumstances it can only be concluded that the defendant made admissions that establish the loan guaranty agreement as a valid instrument.

The defendant, however, contends that to so conclude has constituted error, and the main thrust of the defendant's argument regarding this contention is that the instrument was altered and consequently the Statute of Frauds is a defense.

■■ The defendant cites a number of cases to support the proposition that the alteration of an instrument makes it void, to-wit, *Ruwaldt v. McBride*, 388 Ill. 285, 57 N.E.2d 863; *Merritt v. Dewey*, 218 Ill. 599, 75 N.E. 1066. An examination of these cases discloses that the alterations in the instruments therein were made without any authority or authorization. In the case before us it is quite apparent that the defendant is unable to present any evidence that the filling in of the blanks on the guaranty agreement by the plaintiff was unauthorized. She admits the date, name of debtor, name of creditor and questions only the amount of liability. She does not question that liability was to be imposed by the filling in of the appropriate blank by the defendant, but asserts that it was not to exceed $20,000. In view of the defendant's allegations set forth in pleadings and admissions made in a deposition it becomes quite apparent why she is unable to·show lack of authorization on the·part of

the defendant to complete the guaranty agreement. The defendant had the burden of showing lack of authorization. In the absence of evidence tending to show the completion of the instrument was unauthorized, this court will presume that the instrument incomplete when executed was properly filled out. *Hutcheson v. Herron*, 131 Ill.App.2d 409, 266 N.E.2d 449.

■■ In examining the case of *Hutcheson* we find a factual situation quite similar to the one in the instant case. In *Hutcheson* the payee of certain notes after they had been executed by the payor inserted the amount of interest and the due dates. The defendant payor contended as does the defendant in this case that the alteration of the notes after execution rendered them unenforceable. The reviewing court in disposing of this contention stated:

> "When a person signs and executes a form instrument without filling in all the blanks, the person by implication authorizes a holder of the instrument to fill in the empty blanks in accordance with an underlying agreement."

The defendant questions the holding in the *Hutcheson* case on the basis that it is one which involves a negotiable instrument and therefore is predicated upon certain provisions of the Uniform Commercial Code. We agree that a negotiable instrument was the res gestae in *Hutcheson;* however, we do not believe that the court's holding was limited to only such cases. In support of the court's holding a number of authorities were cited not all of which dealt with negotiable instruments or commercial paper. See *Jewell v. Rock River Paper Co.*, 101 Ill. 57, which involved the implied authorization to complete a subscription book for the purchase of corporate stock, and *Krueger v. Dorr*, 22 Ill.App.2d 513, 161 N.E.2d 433, where the instruments involved were both a promissary note and a second mortgage trust deed. While in the instant case the loan guaranty agreement cannot be classified as a negotiable instrument and therefore subject to certain provisions of the Uniform Commercial Code which authorizes the completion of incomplete instruments in certain instances, such agreement was nevertheless a part and parcel of a financial transaction entered into by the defendant, her husband and the plaintiff, a financial institution. The defendant was well aware that the consequences of the loan guaranty agreement would be the lending of money and the execution of promissary notes. This was her desire and intent and in the light of such circumstances we hold the law in *Hutcheson* is applicable and that the plaintiff had implied authority to complete the blank spaces in the agreement in accordance with the underlying agreement between the parties.

■■ The defendant strongly stresses that the case before us is one

which falls within the purview of the Statute of Frauds and consequently the trial court erred in denying her motion for summary judgment. In our opinion there exists a serious question as to whether the defendant's interpretation of the Statute of Frauds is a meritorious defense since the statute has no application where there has been substantial performance on the part of one party in reliance on an agreement. (See *Anastaplo v. Radford,* 14 Ill.2d 526, 153 N.E.2d 37.) The defendant cannot and does not deny that substantial performance in the advancement of funds to her husband was made by the plaintiff. However, for purposes of arguendo only we will assume that the loan guaranty agreement is of the genus that normally would be required to meet the requirement of the Statute of Frauds. Accepting this assumption we nevertheless do not agree that the statute constitutes a defense to the action of the plaintiff. It is well established in our state that the courts will not permit the Statute of Frauds, the only purpose of which is to prevent fraud, to be used where the effect will be to accomplish a fraud, and if the facts are such that it would be a virtual fraud to permit the defendant to interpose the statute, a court will not listen to that defense. (*Wessel v. Eilenberger,* 2 Ill.2d 522, 119 N.E.2d 207.) The trial court in the instant case in its written opinion made the observation that to permit the defendant to now rely upon the Statute of Frauds would have the effect of perpetrating a fraud, not preventing one. With this observation we agree.

██ The defendant further urges that the record in this case is one which will not support an award of summary judgment to the plaintiff. The defendant bases this argument on her contention that questions as to the alteration of this loan guaranty agreement and by whom, when and with or without authority are all questions of fact for a jury. Our analysis of the record does not lead us to the same conclusion. While there are conflicting opinions with respect to the interpretation of the facts presented it does not necessarily follow that issues of fact are present which must be submitted to the jury. The purpose of a motion for summary judgment is to determine whether there is a genuine issue as to any material fact. (*Welsh v. Centa,* 75 Ill.App.2d 305, 221 N.E.2d 106; *Allen v. Meyer,* 14 Ill.2d 284, 152 N.E.2d 576; *Florence v. Travelers Insurance Co.,* 59 Ill.App.2d 470, 208 N.E.2d 95.) We fail to find in the instant case any genuine issue as to a material fact and hence the summary judgment procedure was properly utilized.

For the reasons set forth the decree of the circuit court of Grundy County granting summary judgment to the plaintiff is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.